The Chief Justice
delivered the opinion of the court.
This was an action of covenant, brought by Bettisworth against Payne. The declaration in substance, alledges that on the 26th of February, 1817, Bettisworth and Payne, by their writing obligatory, of which profert is made, entered into certain covenants, to wit: the said Bettisworth sold to the said Payne, all the tools which he then had on hand, for the purpose of carrying on the boot and shoe making business, including lasts, benches and all other articles appertaining to said business, then owned by Bettiswoorth, together with the stove then in the shop, and all his stock of leather, represented by him to be worth $100, except what had been used by him since his purchase, the profits of which were to go to said Payne, after deducting the reasonable value of Bettisworth’s labor, and Bettisworth covenanted that he would commence on the Monday then next following, and labour at his trade of the boot and shoemaking business, under the direction and management of said Payne, for the space of one year, from that date, for the benefit and use of said Payne, that said Bettisworth would carry on said business, as he would do for himself, and attend to any apprentices or journeymen which Payne might choose to employ. Bettisworth was to find himself in board and should not neglect said business, but should pay due attention, in order to carry on the work effectually; but should it so happen that from necessity, said Bettisworth shold loose any time, he bound himself to make it up immediately after the expiration of said term. The said Bettisworth was not to make sale of any work made in the shop to his own use, and in no otherwise without the approbation and direction of said Payne: For and in consideration whereof, said Payne bound himself to furnish a good comfortable shop for Bettisworth to work in, with necessary wood, and to pay the said Bettisworth the sum of $300 for his said services of one year, including his tools, stock of leather, &c. that is to say, he should pay a note which said Bettisworth owed in the Russelsville branch bank, of one hundred and twenty eight dollars, or furnish Bettisworth with the calls on said note, with interest from the date aforesaid, also pay the amount of an execution in favor of Chambers against Bettisworth, supposed to be about 42 or *428 $43, and the balance Payne would pay to said Bettisworth should there be any due after deducting the amount which said Bettisworth then owed said Payne.
Exceptions to the opinion of the court below will not be notic’d unless they state the point in which the error is said to exist. vid ante Taylor vs Mayo, acc.
The said plaintiff avers that be has complied with his said covenants, that he commenced at the time stipulated and worked according to his covenant for said Payne four months and a half, and was willing to continue for the full term contracted and tendered his services agreeably to his covenant, but said defendant turned him out of his employment, and would not permit him to work and manage any longer for him in said business; that the tools stock of leather, &c. were worth $150, and that the services of said plaintiff for the time he worked and managed for said defendant, was worth $100, and the plaintiff avers that said defendant has not paid him for his services, nor for his tools, stock of leather, &c. that said defendant did not pay said debt in the Russeslville branch bank, nor give the plaintiff the calls and interest, but the said plaintiff has been obliged to pay it himself, and the said plaintiff in fact, avers that said defendant has violated his covenant in every respect to the damage of said plaintiff, $500.
The defendant pleaded, 1st, covenants performed 2d that the plaintiff hath hot performed his said covenant and agreement and that said defendant did not turn said plaintiff out of his employment, as is alledged in the declaration but that he left said defendant of his own accord, and would not work and manage for said defendant as he was bound to do, according to the covenant aforesaid. Upon these pleas issues were joined, and on the trial thereof, the plaintiff obtained a verdict of $187 52. The defendant moved the court for a new trial, 1st, because the verdict was contrary to law and evidence, and 2d because the court erred, in their instructions to the jury.
The court overruled the motion, to which the defendant excepted, and a judgment having been entered against him, he has appealed to this court.
Whether the circuit court erred in refusing to award a new trial is the only question presented by the record,
What was the instruction given to the jury, the error of which is alledged as one ground for a new trial is not stated in the bill of exceptions, nor does it otherwise appear upon the record, and consequently it cannot be relied on in this court. The evidence stated in the bill of exceptions was dearly insufficient to shew that the defendant had peformed *429 his covenants, and the plaintiff was unquestionably entitled to a verdict upon the issue joined upon the first plea.
When there are independent covenants and the duty of a defendant does not depend on a previous or concurrent act to be done by plt'ff he need not aver performance.
Even independent covenants, if the covenant of the plt'ff formed only a part of the consideration of the cov'nt of the defendant. The plaintiff need not aver performance. The deft. is bound to perform, and his recourse for plaintiff's failure is by separate action. A plea in such a case traversing the plt's performance is immaterial.
Bibb for appellant, Crittenden for appellee.
The evidence in relation to the issue joined upon the second plea, was of a more doubtful character. But the plea itself, we apprehend, was insufficient to bar the plaintiff’s action, and had the evidence, therefore, unequivocally supported the plea, the court would have been correct in refusing to grant a new trial. The plea could only be a good bar to the action upon the supposition that the covenants of the parties, were dependent covenants and, of course, that the performance of the covenant on the part of the plaintiff was a precedent condition, upon which alone he could maintain an action for the non performance of the covenant on the part of the defendant. But such a supposition is clearly without foundation. The covenants of the parties are unquestionably independent For according to the literal and obvious import of the writing declared on, the agreement, on the part of the plaintiff, and not the performance of the agreement, is the consideration of the agreement on the part of the defendant to make the stipulated payments.
Besides the covenant by the plaintiff, to serve the defendant, was not the sole consideration of the defendant’s covenant The sale of the tools, leather, &c. constituted a part of the consideration also; and it is a settled rule that when the plaintiff’s covenant constitutes only a part of the consideration of the defendants, and the defendants has actually received a partial benefit, and the breach on the part of the plaintiff might be compensated in damages, an action may be supported against the defendant without averring performance by the plaintiff; for when a party has received a part of the consideration for his agreement, it would be unjust, that because be has not bad the whole be should enjoy that part without paying or doing any thing for it; and therefore the law obliges him to perform the agreement, on his part, and leaves him to his remedy, to recover any damage he has sustained in not having received the whole consideration. 1 Saund. 320, b.
It was therefore wholly unnessary for the plaintiff to have averred a performance or an excuse for the nonperformance of the covenant on his part to entitle him to maintain the action, and the plea traversing such an averment is immaterial and insufficient.
Judgment must be affirmed with costs.